*Decision will be entered under Rule 50.*

SEWARD CITY MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92099.   Promulgated April 10, 1941.

*Burdette Boyes*, for the petitioner.
*William V. Crosswhite, Esq.*, for the respondent.

**OPINION.**

TURNER: Petitioner now concedes that the amount of depreciation allowed by the respondent is probably correct, but with respect to that portion of the deduction disallowed relies on its allegation that the amount thereof was a loss resulting from the ice damage above described. It is conceded that it was improper to classify ice damage as depreciation, but it is claimed that the amount of such ice damage was in excess of the depreciation disallowed and that petitioner is entitled to the deduction of the amount of loss sustained, under section 23 (f) of the Revenue Act of 1934.[1]

The respondent contends that the petitioner is not entitled to a loss deduction because it has not established that any loss was sustained during the taxable year, and on brief argues further that petitioner has failed to prove the basis for the allowance of any deduction for loss sustained as herein claimed.

The evidence shows that the damage to petitioner's mill occurred during the latter part of December and during January of the taxable year. During that period the ice jam caused the damage to the underpinning of the structure and the southwest corner settled and threw the spouting and machinery out of alignment. The loss, if any, occurred at that time. Respondent states on brief that it is his "theory" that the loss was due to the deterioration of the mill which had been occurring over a period of years and that such deterioration became noticeable during the taxable year. That "theory" is supported only by inference. The petitioner's president testified that the foundation of the structure was in good condition before the ice jam and that in his opinion it was in no better condition after it was repaired. The evidence shows that during the following year more than $1,800.27, the amount now claimed as a deduction, was expended in restoring the mill to its condition prior to the damage. We conclude that the loss was sustained during the taxable year and that the amount thereof was at least equal to $1,800.27, the amount by which petitioner's income was increased

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(f) LOSSES BY CORPORATIONS.—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

by respondent through the disallowance of a portion of the depreciation deduction claimed.

With respect to respondent's argument as to basis, it is to be noted that his notice of deficiency indicates a basis far in excess of the loss claimed and proven and, under such circumstances, the petitioner was not required to put the question of basis in issue and thereby take on the unnecessary burden of proving a point which respondent's own determination accepts as established.

We hold that petitioner is entitled to the deduction claimed. No evidence has been presented with respect to the 10 percent penalty asserted by the respondent and it is accordingly sustained. Another issue raised by the respondent in an amended answer and a claim for an increased deficiency were abandoned by him at the hearing.

*Decision will be entered under Rule 50.*